**FILED**

**October 29, 2009**

CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002187525

**3**

Timothy J. Silverman, Esq. [SBN 145264]
SOLOMON, GRINDLE, SILVERMAN & SPINELLA
A Professional Corporation
12651 High Bluff Drive, Suite 300
San Diego, California  92130
Telephone:  (858) 793-8500
Facsimile:  (858) 793-8263

Attorneys for Secured Creditor/Moving Party
JP MORGAN CHASE BANK, N.A.
successor by merger to BANK ONE, N.A.

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA - BAKERSFIELD DIVISION

| | |
|---|---|
| In re:<br><br>PRIDE TRANSPORTATION, INC., and JAMES KILGORE, non-filing co-maker,<br><br>Debtor.<br>_____<br><br>JP MORGAN CHASE BANK, N.A. successor by merger to BANK ONE, N.A.,<br><br>Movant,<br><br>-vs-<br><br>PRIDE TRANSPORTATION, INC.; JAMES KILGORE,  Chapter 11 Trustee not assigned,<br><br>Respondents.<br>_____ | Case No: 09-16328<br><br>DC No. TJS-1<br><br>Chapter 11<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Date: December 10, 2009<br>Time:9:00 a.m.<br>Dept: B<br>Ctrm: 12<br><br>*The Courtroom of the Honorable W. Richard Lee* |

Secured Creditor and Movant, JP MORGAN CHASE BANK, N.A. successor by merger

to BANK ONE, N.A. ("JP MORGAN") complains and alleges as follows:

1.      For an order terminating the automatic stay immediately to permit JP MORGAN

to exercise its lawful remedies, including, but not limited to, enforcing its lien on personal

property described as a 2003 GMC Sierra 3500, VIN 1GTJC39113E101788.

2.     That any proceeds arising out of the above-described personal property be immediately paid over to JP MORGAN.

3.     That the Debtor and Kilgore be prohibited by this Court from further use or enjoyment of the above-described personal property unless JP MORGAN receives adequate protection for its interest in said personal property, and that Debtor and Kilgore be permitted to use the property only if JP MORGAN continues to receive adequate protection for such interest.

4.     That the requirements of Bankruptcy Rule 4001(3) be waived;

5.     That the Order be binding and effective despite any conversion of the bankruptcy cases to a case under any other chapter of Title 11 of the United States Code

6.     That JP MORGAN have such other and further relief as this Court deems just and proper.

Continuation of the automatic stay of 11 U.S.C. §362(a) will work real and irreparable harm to JP MORGAN, and such stay should be terminated for cause and that JP MORGAN is not adequately protected during the pendency of the Debtor's bankruptcy and that the value of the collateral described above is depreciating.

The motion will be based on the Notice of Motion, this Motion for Relief from Automatic Stay, the Declaration of JP Morgan filed herewith, on the papers and records on file herein, and such oral and documentary evidence as may be presented at the hearing of the motion.

///

///

///

///

///

///

///

///

///

///

Further, Creditor, JP MORGAN, submits the following separate statement of indebtedness:

### STATEMENT OF INDEBTEDNESS

As more particularly set forth in the Declaration of JP Morgan, JP Morgan submits its Statement of Indebtedness as follows:

| | | |
|---|---|---|
| A. | Estimated fair market value:<br>Debtor's Schedules | $11,500.00 |
| B. | Debt to Movant:<br>JP MORGAN Balance<br>Attorneys' Fees<br>Total Due and Owing to Movant | $2,952.56<br>$   650.00<br>$3,602.56 |
| C. | Net Equity | ($7,897.44) |

Dated: October 29, 2009        SOLOMON, GRINDLE, SILVERMAN &
SPINELLA

By: /s/ Timothy J. Silverman
Timothy J. Silverman, Esq.
Attorneys for Movant/Creditor JP MORGAN
CHASE BANK, N.A. successor by merger to
BANK ONE, N.A.