TOTAL PAGES: 7
DARRYL J. HOROWITT #100898
KURT V. JAENIKE #112537
COLEMAN & HOROWITT, LLP
Attorneys at Law
499 West Shaw, Suite 116
Fresno, California 93704
Telephone: (559) 248-4820
Facsimile: (559) 248-4830

Attorneys for Movant,
NAVISTAR FINANCIAL CORPORATION

FILED
November 06, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002207373

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA - BAKERSFIELD DIVISION

| | |
|---|---|
| In re<br><br>PRIDE TRANSPORTATION, INC.,<br><br>Debtor.<br><br>NAVISTAR FINANCIAL CORPORATION,<br><br>Moving Party,<br><br>v.<br><br>PRIDE TRANSPORTATION, INC.,<br><br>Respondent. | Case No. 09-16328-B-11<br>Related Case No. 09-60469-B-11<br>(James D. Kilgore and Norma Jean Kilgore)<br><br>Chapter 11<br><br>DCN: KVJ-1<br><br>Date of Hearing: December 2, 2009<br>Time of Hearing: 3:00 p.m.<br>Location: United States Bankruptcy Court,<br>Eastern District of California<br>Bakersfield Division<br>1300 18th Street, First Floor<br>Bakersfield, CA 95814<br><br>Hon. W. Richard Lee |

**MOTION FOR RELIEF FROM
THE AUTOMATIC STAY
(11 U.S.C. SECTION 362(d)(1) and BANKRUPTCY RULE 4001-1)**

Movant, NAVISTAR FINANCIAL CORPORATION (hereinafter "Movant"), hereby moves the court for an order granting relief from the automatic stay under 11 U.S.C. section 362(d)(1) to permit Movant, and its successors and assigns, to exercise lien enforcement rights under the terms of the written security agreements affecting 10 commercial utility trailers owned by the Debtor, PRIDE TRANSPORTATION, INC. directly, or by its principal, James Kilgore.

1. A bankruptcy case concerning the Debtor, PRIDE TRANSPORTATION, INC., was filed under Chapter 11 on July 6, 2009.

1

F:\CLIENTS\1520-Navistar\86-Pride Transportation & Kilgore\Bk\MOTIONFORRELIEF.FINAL.V2.11-6-09.kl.wpd
11/6/09 – 10:37 am

Case No. 09-16328-B-11
MOTION FOR RELIEF FROM AUTOMATIC STAY

2. This Court has jurisdiction on this matter pursuant to 28 U.S.C. section 1334(a) and (d), and 28 U.S.C. section 157(a) and (b) to (g).

## JAMES KILGORE UNITS

3. On or about March 4, 2005, Debtor, through its principal, **James Kilgore** (hereinafter "**Kilgore**") and Movant entered into a Commercial Loan and Security Agreement for the purchase of the following:

| Type of Vehicle | VIN |
| --- | --- |
| 2005 Vanguard Trailer | VIN 5V8VA532X5M502962 |
| 2005 Vanguard Trailer | VIN 5V8VA53215M502963 |
| 2005 Vanguard Trailer | VIN 5V8VA53265M502974 |

Pursuant to said Agreement, **Kilgore** was obligated to make payments of $1,399.44 per month to Movant until paid in full. A true and correct copy of the March 4, 2005, Agreement is attached as Exhibit A to the Declaration of Jennifer Giuliano, filed concurrently herewith.

4. On or about March 28, 2005, **Kilgore** and Movant entered into a Commercial Loan and Security Agreement for the purchase of the following:

| Type of Vehicle | VIN |
| --- | --- |
| 2001 Fontaine Trailer | VIN 13N34820413597825 |

Pursuant to said Agreement, **Kilgore** was obligated to make payments of $651.36 per month to Movant until paid in full. A true and correct copy of the March 28, 2005, Agreement is attached as Exhibit B to the Declaration of Jennifer Giuliano, filed concurrently herewith.

5. On or about December 14, 2005, **Kilgore** and Movant entered into a Commercial Loan and Security Agreement for the purchase of the following:

| Type of Vehicle | VIN |
| --- | --- |
| 2006 Vanguard Trailer | VIN 5V8VA53286M604469 |

///

///

///

2

F:\CLIENTS\1520-Navistar\86-Pride Transportation & Kilgore\Bk\MOTIONFORRELIEF.FINAL.V2.11-6-09.kj.wpd
11/6/09 ~ 10:37 am

Case No. 09-16328-B-11
MOTION FOR RELIEF FROM AUTOMATIC STAY

Pursuant to said Agreement, **Kilgore** was obligated to make payments of $424.11 per month to Movant until paid in full. A true and correct copy of the December 14, 2005, Agreement is attached as Exhibit C to the Declaration of Jennifer Giuliano, filed concurrently herewith.

6. On or about July 11, 2006, **Kilgore** and Movant entered into a Commercial Loan and Security Agreement for the purchase of the following:

| Type of Vehicle | VIN |
| --- | --- |
| 2007 Vanguard Trailer | VIN 5V8VA53247M701055 |
| 2007 Vanguard Trailer | VIN 5V8VA53267M701056 |

Pursuant to said Agreement, **Kilgore** was obligated to make payments of $841.08 per month to Movant until paid in full. A true and correct copy of the July 11, 2006, Agreement is attached as Exhibit D to the Declaration of Jennifer Giuliano, filed concurrently herewith.

7. **Kilgore** has defaulted under the contracts as follows:

| | |
| --- | --- |
| Contract default | $2,664.63 due on May 4, 2009 |
| 5/09 | $2,644.63 |
| 6/09 | $2,644.63 |
| 7/09 | $2,644.63 |
| 8/4/09 payment | $2,644.63 |
| 9/4/09 payment | $2,644.63 |
| 10/4/09 payment | $2,644.63 |

**TOTAL DEFAULT $15,987.78**

True and correct copies of the payment transactions evidencing **Kilgore's** failure to make payments are attached as Exhibit E to the Declaration of Jennifer Giuliano, filed concurrently herewith.

///
///
///
///
///

3

F:\CLIENTS\1520-Navistar\86-Pride Transportation & Kilgore\Bk\MOTIONFORRELIEF.FINAL.V2.11-6-09.kl.wpd
11/6/09 – 10:37 am

Case No. 09-16328-B-11
MOTION FOR RELIEF FROM AUTOMATIC STAY

8. As stated above, **Kilgore** has defaulted under the contracts and Movant's records reflect that the Debtor's account is currently due as follows:

| Type of Vehicle and VIN | Default Months/Year | Payment Default Totals | Estimated Value | Payoff |
|---|---|---|---|---|
| 2005 Vanguard Trailer 5V8VA532X5M502962 | May, June, July, August, September and October 2009 | $2,798.88 | $10,350.00 | $5,179.59 |
| 2005 Vanguard Trailer 5V8VA53215M502963 | May, June, July, August, September and October 2009 | $2,798.88 | $10,350.00 | $5,174.44 |
| 2005 Vanguard Trailer 5V8VA53265M502974 | May, June, July, August, September and October 2009 | $2,798.88 | $10,350.00 | $5,179.59 |
| 2001 Fontaine Trailer 13N34820413597825 | Paid off | Paid off | $8,750.00 | Paid off |
| 2006 Vanguard Trailer 5V8VA53286M604469 | May, June, July, August, September and October 2009 | $2,544.66 | $12,500.00 | $8,056.06 |
| 2007 Vanguard Trailer 5V8VA53247M701055 | May, June, July, August, September and October 2009 | $2,523.24 | $15,500.00 | $10,594.14 |
| 2007 Vanguard Trailer 5V8VA53267M701056 | May, June, July, August, September and October 2009 | $2,523.24 | $15,500.00 | $10,524.68 |
| | | $15,987.78 | $83,300.00 | $44,708.50 |

9. The estimated values of **Kilgore's** collateral are listed on the above table. (See Declaration of Dan Hill, filed concurrently herewith.) The above valuations are indicated for collateral of the year, make, model and general features in the reference guide most commonly used for valuation by NAVISTAR in the ordinary course of its business for determining the values of these types of collateral. A true and correct copy of the relevant excerpts of the most recent editions is attached to the Declaration of Dan Hill as Exhibit A filed concurrently herewith.

10. The total amounts due and owing under the **Kilgore** Agreements are $44,708.50. (See above table for a total payoff.)

11. Movant's security interests are contained in the Certificates of Title and are attached as Exhibit F to the Declaration of Jennifer Giuliano, filed concurrently herewith.

///

4

F:\CLIENTS\1520-Navistar\86-Pride Transportation & Kilgore\Bk\MOTIONFORRELIEF.FINAL.V2.11-6-09.ki.wpd
11/6/09 – 10:37 am

Case No. 09-16328-B-11
MOTION FOR RELIEF FROM AUTOMATIC STAY

# PRIDE TRANSPORTATION, INC. UNITS

12. On or about September 13, 2007, Debtor, **PRIDE TRANSPORTATION, INC.** (hereinafter "**PRIDE**"), and Movant entered into a Commercial Loan and Security Agreement for the purchase of the following:

| Type of Vehicle | VIN |
|---|---|
| 2007 Vanguard Dry Van Trailer; | VIN 5V8VA53267M706757 |
| 2007 Vanguard Dry Van Trailer; | VIN 5V8VA53287M706758 |
| 2007 Vanguard Dry Van Trailer; | VIN 5V8VA532X7M106759 |
| 2007 Vanguard Dry Van Trailer; | VIN 5V8VA53267M706760 |

Pursuant to said Agreement, **PRIDE** was obligated to make payments of $1,799.02 per month to Movant until paid in full. A true and correct copy of the September 13, 2007, Agreement is attached as Exhibit G to the Declaration of Jennifer Giuliano, filed concurrently herewith

13. **PRIDE** has defaulted under the contracts as follows:

Payments of $1,799.02 due starting in May 2009

| | |
|---|---|
| 5/13/09 received | $1,799.02 |
| 6/09 received | $1,799.02 |
| 7/13/09 payment due | $1,799.02 |
| 8/13/09 payment due | $1,799.02 |
| 8/20/09 received | $1,390.72 |
| Less 8/20/09 pt. | ($1,390.72) |
| Due for 8/09 | $ 408.32 |
| 9/13/09 payment due | $1,799.02 |
| 10/13/09 payment due | $1,799.02 |
| **DUE AS OF 10/13/09** | **$9,403.40 FROM PRIDE** |

True and correct copies of the payment transactions evidencing **PRIDE's** failure to make payments are attached as Exhibit H to the Declaration of Jennifer Giuliano, filed concurrently herewith.

///

5

F:\CLIENTS\1520-Navistar\86-Pride Transportation & Kilgore\Bk\MOTIONFORRELIEF.FINAL.V2.11-6-09.kl.wpd
11/6/09 – 10:37 am

Case No. 09-16328-B-11
MOTION FOR RELIEF FROM AUTOMATIC STAY

14. As stated above, **PRIDE** has defaulted under the contract and Movant's records reflect that **PRIDE's** account is currently due as follows:

| Type of Vehicle and VIN | Default Months/Year | Payment Default Totals | Estimated Value | Payoff |
|---|---|---|---|---|
| 2007 Vanguard Dry Van 5V8VA53267M706757 | May, June, July, August, September and October 2009 | $2,698.56 | $15,500.00 | $16,335.14 |
| 2007 Vanguard Dry Van Trailer 5V8VA53287M706758 | May, June, July, August, September and October 2009 | $2,698.56 | $15,500.00 | $16,335.14 |
| 2007 Vanguard Dry Van Trailer 5V8VA532X7M106759 | May, June, July, August, September and October 2009 | $2,698.56 | $15,500.00 | $16,335.14 |
| 2007 Vanguard Dry Van Trailer 5V8VA53267M706760 | May, June, July, August, September and October 2009 | $2,698.56 | $15,500.00 | $16,335.14 |
| | | $10,794.24 | $62,000.00 | $65,340.56 |

15. The estimated values of **PRIDE's** collateral are listed on the above table. (See Declaration of Dan Hill, filed concurrently herewith.) The above valuations are indicated for collateral of the year, make, model and general features in the reference guide most commonly used for valuation by NAVISTAR in the ordinary course of its business for determining the values of these types of collateral. A true and correct copy of the relevant excerpt of the most recent edition is attached to the Declaration of Dan Hill as Exhibit B filed concurrently herewith.

16. The total amounts due and owing under the **PRIDE** Agreements are $65,340.56. (See above table for a total payoff.)

17. Movant's security interests are contained in the Certificates of Title and are attached as Exhibit I to the Declaration of Jennifer Giuliano, filed concurrently herewith.

18. On or about September 13, 2007, for valuable consideration and in order to induce Movant to extend financing to **PRIDE**, **Kilgore** executed a personal Guaranty of the obligations

///

///

///

6

F:\CLIENTS\1520-Navistar\86-Pride Transportation & Kilgore\Bk\MOTIONFORRELIEF.FINAL.V2.11-6-09.kj.wpd
11/6/09 - 10:37 am

Case No. 09-16328-B-11
MOTION FOR RELIEF FROM AUTOMATIC STAY

incurred by **PRIDE** under the Commercial Loan and Security Agreements. A true and correct copy of the September 13, 2007, Guaranty is attached as Exhibit J to the Declaration of Jennifer Giuliano, filed concurrently herewith.

19. The grand totals of the amounts due and owing under the Agreements are $110,049.06. A true and correct copy of the table entitled **PRIDE TRANSPORTATION AND JAMES KILGORE COLLATERAL** evidencing **PRIDE's** total amounts due and owing is attached as Exhibit K to the Declaration of Jennifer Giuliano, filed concurrently herewith.

WHEREFORE, Movant respectfully requests the following:

1. That the automatic stay provisions under 11 U.S.C. section 362 be terminated as to Movant so as to allow Movant to exercise lien enforcement rights and take any and all action to obtain possession of the collateral;

2. Waiver of the provisions of FRBP Rule 4001(a)(3);

3. For reasonable attorneys' fees and costs; and,

4. Grant such other and further relief as the court may deem just and proper.

Dated: November 6, 2009                  COLEMAN & HOROWITT, LLP

By: /s/ *Kurt V. Jaenike*
KURT V. JAENIKE
Attorneys for Moving Party,
NAVISTAR FINANCIAL CORPORATION

7

F:\CLIENTS\1520-Navistar\86-Pride Transportation & Kilgore\Bk\MOTIONFORRELIEF.FINAL.V2.11-6-09.kl.wpd
11/6/09 – 10:37 am

Case No. 09-16328-B-11
MOTION FOR RELIEF FROM AUTOMATIC STAY