FILED
December 29, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002314744

7.
RAFFI KHATCHADOURIAN (SBN 193165)
EDWARD S. KIM (SBN 249818)
**HEMAR, ROUSSO & HEALD, LLP**
15910 Ventura Boulevard, 12th Floor
Encino, California 91436
Telephone: (818) 501-3800
Facsimile: (818) 501-2985
File No. 3754-20093238-EK

Attorneys for Moving Party/Secured Creditor,
GENERAL ELECTRIC CAPITAL CORPORATION

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| In re | Case No. 09-16328-B-11 |
| | Chapter 11 |
| PRIDE TRANSPORTATION, INC., | R.S. No.: HRH-1 |
| Debtor. | MOTION FOR RELIEF FROM STAY AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| | [Pursuant to 9014-1(f)(1)] |

Hearing:
Date: January 28, 2010
Time: 9:00 A.M.
Dept.: B
Crtrm: 12, 5th Floor
JuDge: Hon. W. Richard Lee
Address: 2500 Tulare Street
Fresno, CA

Movant GENERAL ELECTRIC CAPITAL CORPORATION (hereinafter "Movant") hereby moves the Court for an Order granting relief from the automatic stay under 11 U.S.C. § 362(a) in the above-captioned Chapter 11 Bankruptcy case to permit Movant and its successors and assigns, to exercise the rights granted under the written agreement and related documents affecting personal property of Debtor, as more fully described herein. This motion is made and based upon the following facts and circumstances.

1. At all times herein mentioned, Movant was and now is a Corporation duly authorized to conduct business and doing business within California.

2. On or about July 6, 2009, Debtor commenced the above-captioned bankruptcy case

by filing a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

3. This Court has jurisdiction in this core proceeding pursuant to 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(2)(G). Pursuant to 28 U.S.C. § 1409(a), this proceeding is properly commenced and prosecuted in this Court in which Debtor's Chapter 11 case is pending.

4. On or about December 20, 2005, Debtor entered into a Master Lease Agreement (the "Agreement") with Movant's predecessor-in-interest to lease the following equipment (the "Equipment"):

2006 Vanguard Dry Van Trailer, Serial Number 5V8VA53236M604458
2006 Vanguard Dry Van Trailer, Serial Number 5V8VA53236M604459
2006 Vanguard Dry Van Trailer, Serial Number 5V8VA53236M604460
2006 Vanguard Dry Van Trailer, Serial Number 5V8VA53236M604461
2006 Vanguard Dry Van Trailer, Serial Number 5V8VA53236M604462
2006 Vanguard Dry Van Trailer, Serial Number 5V8VA53236M604463
2006 Vanguard Dry Van Trailer, Serial Number 5V8VA53236M604464
2006 Vanguard Dry Van Trailer, Serial Number 5V8VA53236M604468

4. The Agreement was signed by Debtor, evidencing its obligation to pay for the Equipment and granting Movant and its predecessor in interest a security interest therein. A true and correct copy of the Agreement is attached as Exhibit "1" to the Declaration of Maria Robles in support of Movant's Motion for Relief (hereinafter referred to as the "Robles Declaration") and incorporated herein by reference.

5. In an abundance of caution, Movant's predecessor-in-interest perfected its security interest in the Equipment by filing UCC-1 Financing Statements with the California Secretary of State, true and correct copies of which are collectively attached to the Robles Declaration as Exhibit "2" and incorporated herein by reference.

6. Plaintiff, is successor in interest by assignment. On or about June 28, 2007, Plaintiff's predecessors-in-interest assigned the lease to Movant. A true and correct copy of this assignment is attached to the Robles Declaration as Exhibit "3" and incorporated herein by this

reference.

6. Movant therefore holds all rights, title and interest in the Agreement and the Equipment.

7. Pursuant to the terms of the Agreement, Debtor was to make monthly installments pursuant to the schedule set forth in the Lease Schedule on page 1 of the Agreement.

8. On or about August 1, 2009, Debtor defaulted under the terms of the Agreement by failing to make the monthly installment then due. Debtor has also failed to become current thereafter or to make any other payments thereafter.

9. As of the instant Petition filing, there was due, owing and unpaid to Movant the total sum of $72,417.91 pursuant to the Agreement, as well as attorney's fees and costs, as also provided for in the Agreement.

10. Movant may not proceed to recover and sell the Equipment due to the Debtor's present Bankruptcy filing. As the Agreement contains a $1.00 buyout, it is not a true lease. However, neither the Debtor nor the Trustee has any equity in the leased equipment. A true and correct copy of relevant portions of Debtor's Schedules is attached to the Robles Declaration as Exhibit "4" and incorporated herein by reference.

### GROUNDS FOR RELIEF UNDER 11 U.S.C. § 362(d)

Cause for relief from the automatic stay under 11 U.S.C § 362(d)(1) exists because the interests of Movant in the Equipment is not adequately protected. Debtor is not making any payments pursuant to the Agreement, nor have the Debtor or Trustee assumed the subject Lease Agreement. Movant has not been granted such other relief as will result in the realization of the indubitable equivalent of Movant's interest in the Equipment.

The Agreement provides that in the event of default, Movant will be entitled to reasonable attorney's fees and court costs incurred with respect thereto. Movant has retained the law firm of HEMAR, ROUSSO & HEALD, LLP to represent its interests in attempting to effectuate collection of the amount due under the Agreement.

WHEREFORE, it is respectfully requested that the Court issue an Order as follows:

1. Terminating the automatic stay of 11 U.S.C. § 362(a), effective immediately, to

permit Movant and any agents, successors-in-interest and assignees to exercise any and all rights under the Agreement;

    2. Terminating the automatic stay of 11 U.S.C. § 362(a) to permit Movant to recover and sell the Equipment pursuant to state law remedies; and

    3. Waiving the 10-day stay provided by FRBP 4001(a)(3).

**CONCLUSION**

Based upon the foregoing, Movant respectfully requests that this Court grant the motion for relief from the automatic stay.

DATED: December 29, 2009        HEMAR, ROUSSO & HEALD, LLP

By: /s/ Raffi Khatchadourian
RAFFI KHATCHADOURIAN
Attorneys for Movant,
GENERAL ELECTRIC CAPITAL CORPORATION

| | |
|---|---|
| 1 | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| 2 | GENERAL ELECTRIC CAPITAL CORPORATION (hereinafter "Movant") hereby |
| 3 | submits the following memorandum of points and authorities in support of its motion for relief from |
| 4 | the automatic stay. |
| 5 | **I.      PRELIMINARY STATEMENT** |
| 6 | On or about December 20, 2005, Debtor entered into a Master Lease Agreement (the |
| 7 | "Agreement") with Movant's predecessor-in-interest to lease the following equipment (the |
| 8 | "Equipment"): |
| 9 | 2006 Vanguard Dry Van Trailer, Serial Number 5V8VA53236M604458 |
| 10 | 2006 Vanguard Dry Van Trailer, Serial Number 5V8VA53236M604459 |
| 11 | 2006 Vanguard Dry Van Trailer, Serial Number 5V8VA53236M604460 |
| 12 | 2006 Vanguard Dry Van Trailer, Serial Number 5V8VA53236M604461 |
| 13 | 2006 Vanguard Dry Van Trailer, Serial Number 5V8VA53236M604462 |
| 14 | 2006 Vanguard Dry Van Trailer, Serial Number 5V8VA53236M604463 |
| 15 | 2006 Vanguard Dry Van Trailer, Serial Number 5V8VA53236M604464 |
| 16 | 2006 Vanguard Dry Van Trailer, Serial Number 5V8VA53236M604468 |
| 17 | The Agreement was signed by Debtor, evidencing its obligation to pay for the Equipment |
| 18 | and granting Movant and its predecessor in interest a security interest therein. |
| 19 | In an abundance of caution, Movant's predecessor-in-interest perfected its security interest |
| 20 | in the Equipment by filing UCC-1 Financing Statements with the California Secretary of State. |
| 21 | Plaintiff, is successor in interest by assignment.  On or about June 28, 2007, Plaintiff's |
| 22 | predecessors-in-interest assigned the lease to Movant. |
| 23 | Movant therefore holds all rights, title and interest in the Agreement and the Equipment. |
| 24 | Pursuant to the terms of the Agreement, Debtor was to make monthly installments pursuant |
| 25 | to the schedule set forth in the Lease Schedule on page 1 of the Agreement. |
| 26 | On or about August 1, 2009, Debtor defaulted under the terms of the Agreement by failing |
| 27 | to make the monthly installment then due.  Debtor has also failed to become current thereafter or to |
| 28 | make any other payments thereafter. |

As of the instant Petition filing, there was due, owing and unpaid to Movant the total sum of $72,417.91 pursuant to the Agreement, as well as attorney's fees and costs, as also provided for in the Agreement.

Movant may not proceed to recover and sell the Equipment due to the Debtor's present Bankruptcy filing. As the Agreement contains a $1.00 buyout, it is not a true lease. However, neither the Debtor nor the Trustee has any equity in the leased equipment.

## II. MOVANT SHOULD BE GRANTED RELIEF FROM THE AUTOMATIC STAY OF 11 U.S.C. § 362(A) TO EXERCISE ITS RIGHTS REGARDING THE EQUIPMENT

Section 362(d) of the Bankruptcy Code states that:

> "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -
> 
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
> 
> (2) with respect to a stay of an act against property under subsection(a) of this section, if--
> 
> (A) the debtor does not have an equity in such property; and
> 
> (B) such property is not necessary to an effective reorganization."

The facts of this case demonstrate that the automatic stay should be lifted "for cause." The Bankruptcy Code mandates that secured creditors must, at a minimum, be afforded a reasonable assurance that the value of their security interests in property of a Debtor is and will continue to be "adequately protected" by the Debtor. Metropolitan Life Ins. v. Murel Holding Corp., 75 F.2d 941 (2nd Cir. 1935). The Debtor bears the burden of proving that the creditor's interest in the property is adequately protected. Guavin v. Wagner, 24 B.R. 578, 580 (9th Cir. BAP 1982). If the Debtor fails to meet this burden, the Creditor is entitled to relief under §362(d)(1). In re Winslow Center Associates, 32 B.R. 685, 687 (Bankr. E.D. Pa. 1983).

In the present case, Movant's interest in the Equipment is not being adequately protected.

The Agreement is currently in default and neither the Debtor nor the Estate have any interest or equity in the Equipment and the Equipment is not necessary to an effective reorganization.

**III.** **CONCLUSION**

Based upon the foregoing, Movant respectfully requests that this Court grant the motion for relief from the automatic stay.

DATED: December 29, 2009

HEMAR, ROUSSO & HEALD, LLP

By: /s/ *Raffi Khatchadourian*
RAFFI KHATCHADOURIAN
Attorneys for Movant,
GENERAL ELECTRIC CAPITAL CORPORATION