FILED
January 13, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002346038

6

Leib M. Lerner (CA Bar No. 227323)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
Email: leib.lerner@alston.com

*Attorney for Key Equipment Finance Inc.*

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| In re | Case No. 09-16328 |
| PRIDE TRANSPORTATION, INC., | Chapter 11 |
| Debtor. | DC No. LML-1 |
| KEY EQUIPMENT FINANCE INC., | |
| Movant, | [No Hearing Requested] |
| v. | |
| PRIDE TRANSPORTATION, INC., | Honorable W. Richard Lee |
| Respondent. | |

**STIPULATION MODIFYING THE AUTOMATIC STAY PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE AND PROVIDING ADEQUATE PROTECTION, PURSUANT TO RULE 4001(d) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

This Stipulation Modifying the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code and Providing Adequate Protection, Pursuant to Rule 4001(d) of the Federal Rules of Bankruptcy Procedure (the "Stipulation"), dated as of January 11, 2010, is entered into by and between KEY EQUIPMENT FINANCE INC. ("KEF") and PRIDE TRANSPORTATION, INC. (the "Debtor").

| | |
|---|---|
| 1 | **R E C I T A L S :** |
| 2 | **WHEREAS**, on July 6, 2009 (the "<u>Petition Date</u>"), the Debtor filed its voluntary petition |
| 3 | under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern |
| 4 | District of California, Fresno Division (the "<u>Court</u>"); |
| 5 | **WHEREAS**, KEF and the Debtor are parties to various Vehicle Financing Agreements, |
| 6 | under which the Debtor purchased six pieces of equipment from KEF; |
| 7 | **WHEREAS**, KEF perfected its security interest in each piece of Collateral (defined |
| 8 | below) by noting the same on the Collateral's certificates of title; |
| 9 | **WHEREAS**, the Debtor entered into a Vehicle Financing Agreement for that certain 2006 |
| 10 | Peterbilt Conventional Tractor, Model: 379-127, V.I.N. # 1XP5DB9X76D883245 (the "<u>2006 |
| 11 | Tractor</u>"); |
| 12 | **WHEREAS**, the Debtor obligated itself to pay KEF sixty monthly payments of $2,388.43 |
| 13 | for the 2006 Tractor; |
| 14 | **WHEREAS**, as of the Petition Date, the total amount the Debtor owed KEF for the 2006 |
| 15 | Tractor, including late charges, was $61,994.75; |
| 16 | **WHEREAS**, of the amount due and owing for the 2006 Tractor, the Debtor missed |
| 17 | payments totaling $8,823.22 before the Petition Date, $7,791.36, including interest, after the |
| 18 | Petition Date, and there is a total of $45,380.17 in accelerated amounts due and owing; |
| 19 | **WHEREAS**, the Debtor entered into separate Vehicle Financing Agreements for each of |
| 20 | the following: (i) a 2007 Reitnouer Aluminum Dump Trailer, Maxlie FB, V.I.N. # |
| 21 | 1RNF48A287R018892 and (ii) a 2007 Reitnouer FB 48'x102" Aluminum Trailer, V.I.N. # |
| 22 | 1RNF48A207R018899 (collectively, the "<u>2007 Trailers</u>"); |
| 23 | **WHEREAS**, the Debtor obligated itself to pay KEF sixty monthly payments of $618.93 |
| 24 | for each of the 2007 Trailers; |
| 25 | **WHEREAS**, as of the Petition Date, the total amount the Debtor owed KEF for the 2007 |
| 26 | Trailers, including late charges, was $46,431.54; |
| 27 | |
| 28 | |

**WHEREAS**, of the amount due and owing for the 2007 Trailers, the Debtor missed payments totaling $6,426.96 before the Petition Date, $4,106.64, including interest, after the Petition Date, and there is a total of $35,897.94 in accelerated amounts due and owing;

**WHEREAS**, the Debtor entered into a Vehicle Financing Agreement for that certain (i) 2007 Vanguard Dry Van, V.I.N. #5V8VA53257M706751; (ii) 2007 Vanguard Dry Van, V.I.N. # 5V8VA53277M706752; (iii) 2007 Vanguard Dry Van, V.I.N. # 5V8VA53277M706753 (collectively, the "2007 Vans," and together with the 2007 Trailers and the 2006 Tractor, collectively, the "Collateral");

**WHEREAS**, the Debtor obligated itself to pay KEF sixty monthly payments of $1,367.62 for the 2007 Vans;

**WHEREAS**, as of the Petition Date, the total amount the Debtor owed KEF for the 2007 Vans, including late charges, was $58,637.26;

**WHEREAS**, of the amount due and owing for the 2007 Vans, the Debtor missed payments totaling $7,083.59 before the Petition Date, $4,526.05, including interest, after the Petition Date, and there is a total of $47,027.62 in accelerated amounts due and owing;

**WHEREAS**, the Debtor has communicated to KEF its intent to immediately surrender the Collateral;

**WHEREAS**, the Debtor has failed to make any adequate protection payments to KEF postpetition, except for two payments (one in August 2009 for $1,032.50 and another in December 2009 for $2,026.00);

**WHEREAS**, pursuant to Section 362(a) of the Bankruptcy Code, the automatic stay is in place as to any remedial actions by KEF regarding the Collateral;

**WHEREAS**, the Debtor and KEF have reached an agreement as set forth herein to modify the automatic stay, which will permit KEF to immediately take possession of the Collateral;

**WHEREAS**, the Debtor, for its part, agrees that the Stipulation is reasonable and proper, and good cause exists to modify the automatic stay as provided herein;

**NOW, THEREFORE, THE PARTIES HERETO AGREE AND STIPULATE AS FOLLOWS:**

Each Recital set forth above is hereby incorporated as if fully forth herein.

Upon consent of the Debtor and KEF, the automatic stay provided in 11 U.S.C. § 362 is hereby modified, vacated, and annulled, with regard to the Collateral, as follows:

The Debtor, for its part, shall immediately surrender all the Collateral to KEF, and KEF shall have relief from the automatic stay to recover possession of the Collateral and to exercise all its nonbankruptcy rights regarding the same.

This Stipulation shall become effective immediately upon entry of an Order by the Bankruptcy Court approving the same, notwithstanding the ten day stay provided in Bankruptcy Rule 4001(a)(3).

This Stipulation shall be binding upon the Debtor, the debtor in possession, and any successors or assigns of the foregoing, including any trustee, or other representative who qualifies in a case under the Bankruptcy Code.

This Stipulation does not compromise the rights of either party with respect to the bankruptcy case, except to the extent provided herein.

KEF shall be entitled to file a proof of claim for the full amount of its claim for the Collateral, which shall be reduced by the net proceeds from the sale of the Collateral after KEF is able to sell the Collateral and obtain the proceeds thereof.

This Stipulation may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed shall constitute an original, but all of which taken together shall be one instrument.

The Court shall retain jurisdiction over the parties and subject matter of this Stipulation to resolve any dispute in connection with the rights and duties specified herein.

**IN WITNESS WHEREOF**, the parties hereto have caused this Stipulation to be duly executed and delivered on the date first written above.

| | | |
|---|---|---|
| | Leib M. Lerner, on behalf of Key Equipment Finance Inc. | *(signature)* <br> Lisa Holder, on behalf of the Debtor. |

Dated this ____th day of January, 2010.

**ALSTON & BIRD LLP**

/s/ _____
Leib M. Lerner
CA Bar No. 227323
333 South Hope Street
16th Floor
Los Angeles, CA 90071
Phone: 213-576-1193
Fax: 213-576-1100
leib.lerner@alston.com

| | |
|---|---|
| *[signature: LML]*<br>Leib M. Lerner, on behalf of Key Equipment Finance Inc. | _____<br>Lisa Holder, on behalf of the Debtor. |

Dated this 13th day of January, 2010.

**ALSTON & BIRD LLP**

/s/ Leib M. Lerner
_____
Leib M. Lerner
CA Bar No. 227323
333 South Hope Street
16th Floor
Los Angeles, CA 90071
Phone: 213-576-1193
Fax: 213-576-1100
leib.lerner@alston.com