FILED
January 20, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002360786

(SPACE BELOW FO__

5
DON J. POOL 166468
THE LAW FIRM OF POWELL & POOL
7522 N. Colonial Ave., Ste. 100
Fresno, California 93711
Telephone: (559) 228-8034
Facsimile: (559) 228-6818

Attorneys for BANK OF THE SIERRA

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA
### FRESNO DIVISION

****

| In re | Case No. 09-16328-B-11 |
|---|---|
| PRIDE TRANSPORTATION, INC., | Chapter 11 |
| Debtor. | STIPULATION BY AND BETWEEN DEBTOR AND BANK OF THE SIERRA, TERMINATING THE AUTOMATIC STAY, EFFECTIVE JANUARY 31, 2010 |

TO THE HONORABLE W. RICHARD LEE, UNITED STATES BANKRUPTCY JUDGE:

BANK OF THE SIERRA ("BOTS") and PRIDE TRANSPORTATION, INC., the debtor herein ("Debtor") (hereinafter collectively referred to as "the Parties"), by and through their counsel of record, hereby stipulate with respect to the following:

## I
## RECITALS

    1.1    Debtor filed a Voluntary Petition under Chapter 11 of Title 11 of the United States Code with this Court on July 6, 2009.

/////

-1-

1.2     BOTS holds a security interest in Debtor's collateral, including, but not limited to, accounts receivable, equipment, general intangibles ("Collateral"), and the proceeds thereof ("Cash Collateral") (the Collateral and Cash Collateral are hereinafter collectively referred to as the "Collateral"), as more particularly described in exhibit A, attached hereto and incorporated herein by this reference).

1.3     Debtor and BOTS have previously entered into Stipulations, subsequently approved by the Court, allowing Debtor to use BOTS' cash collateral, the last of which grants Debtor continued use of BOTS' Cash Collateral through January 14, 2010.

1.4     On December 31, 2009, Debtor filed its Third Chapter 11 Status Conference Statement in which Debtor expressed its intent to "discontinue its business and wind down its operations over the next thirty (30) days."

1.5     That same day, Debtor proceeded to file its Notice of Final Hearing on Emergency Motion for Order Authorizing Use of Cash Collateral and for Bank to Honor Checks in the Ordinary Course of Business ("Motion"), which indicated that Debtor would file a supplemental budget prior to the hearing on its Motion, and thereafter seek additional use of BOTS' Cash Collateral, by way of stipulation, through February 6, 2010.

1.6     To that end, Debtor proposed a Third Stipulation Between Bank of the Sierra and Pride Transportation, Inc. Regarding Use of Cash Collateral that provided for use of BOTS' Cash Collateral through January 30, 2010, at which point Debtor will either convert or dismiss its case ("Third Stipulation").

1.7     In light of the forthcoming conversion or dismissal after January 30, 2010, Parties stipulate as follows.

/////
/////
/////
/////
/////
/////

## II

## STIPULATION

Based on the foregoing Recitals,

IT IS STIPULATED AS FOLLOWS:

2.1 Effective January 31, 2010, the automatic stay imposed in Debtor's bankruptcy proceeding, staying BOTS from proceeding with its rights granted to it in its loan documents with Debtor, with respect to its Collateral, and the proceeds thereof, is terminated. BOTS, its agents, employees and assigns are to take all actions necessary to pursue all available state remedies for the collection of its Collateral, and the proceeds thereof.

2.2 The ten-day (10) stay of Federal Rule of Bankruptcy Procedure 4001(a)(3) is hereby waived.

Dated: January 20, 2010        THE LAW FIRM OF POWELL & POOL

_____
DON J. POOL, Attorneys for Secured Creditor,
BANK OF THE SIERRA

Dated: January 20, 2010        KLEIN, DENATALE, GOLDNER, COOPER,
                                ROSENLIEF & KIMBALL, LLP

_____
LISA HOLDER, Attorneys for Debtor,
PRIDE TRANSPORTATION, INC.

EXHIBIT A

# EXHIBIT A

## COLLATERAL DESCRIPTION:

    (6)    REITNOUER TRAILERS, VIN #'s:

- 1RNF48A214R010130
- 1RNF48A254R010132
- 1RNF48A294R010134
- 1RNF48A294R010117
- 1RNF48A204R010118
- 1RNF48A224R010122

**All Accounts, Equipment and General Intangibles.**

In addition, the word "Collateral" also includes all the following, whether now owned or hereafter acquired, whether now existing or hereafter arising, and wherever located:

(A)    All accessions, attachments, accessories, tools, parts, supplies, replacements of and additions to any of the Collateral described herein, whether added now or later;

(B)    All products and produce of any of the Collateral described herein;

(C)    All accounts, general intangibles, instruments, rents, monies, payments, and all other rights, arising out of a sale, lease, consignment or other disposition of any of the Collateral described herein;

(D)    All proceeds (including insurance proceeds) from the sale, destruction, loss, or other disposition of any of the Collateral described herein, and sums due from a third party who has damaged or destroyed the Collateral or from that party's insurer, whether due to judgment, settlement or other process; and

(E)    All records and data relating to any of the Collateral described herein, whether in the form of a writing, photograph, microfilm, microfiche, or electronic media, together with all of Debtor's right, title, and interest in and to all computer software required to utilize, create, maintain, and process any such records or date on electronic media.